IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al. | : | No. 11-3229 |

**MEMORANDUM AND ORDER**

J. WILLIAM DITTER, JR.                                                                                   May 13, 2014

Before the court is a pro se motion to amend a petition for writ of habeas corpus filed by William Brown and Respondents' answer in opposition thereto. For the reasons that follow, the motion to amend will be dismissed as moot.

**I.    FACTS AND PROCEDURAL HISTORY**:

In 2006, Petitioner pled guilty third degree murder, criminal conspiracy, attempted murder, possession of an instrument of crime, and two counts of aggravated assault. Petitioner was sentenced to 40 to 80 years of imprisonment. Petitioner did not file a direct appeal. His collateral appeal filed pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq., was denied in 2011. Petitioner filed a timely federal habeas petition on May 13, 2011, and then filed a second PCRA petition in state court on May 16, 2011.

On April 7, 2014, after final disposition of his second PCRA petition by the Pennsylvania courts,[1] Petitioner filed the instant motion to amend his habeas petition in

---

[1] Petitioner did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

order to include three claims. Respondents have filed an answer opposing Petitioner's motion to amend as futile. They argue that the three claims Petitioner seeks to add would be considered unexhausted and procedurally defaulted, thus rendering them unavailable for federal habeas review.[2]

**II.    DISCUSSION**:

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus petitions. See United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999), cert. denied, 528 U.S. 866 (1999) (citing Riley v. Taylor, 62 F.3d 86, 89 (3d Cir. 1995)). Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."[3]

---

[2] A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. See 28 U.S.C. § 2254(b). Under § 2254(c), a petitioner will not be deemed to have exhausted available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). The habeas corpus petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254). Although exhaustion may be excused, federal courts may nonetheless be precluded from reviewing the merits of claims deemed exhausted. As the Third Circuit has held:

> claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default."

Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991). The "cause and prejudice" standard applies whether the default in question occurred at trial, on appeal, or on state collateral attack. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. Id.

[3] Rule 15(a) also provides that a party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. Id.; Fed.R.Civ.P. 15(a). Because this motion to

See Foman v. Petitioner, 371 U.S. 178, 182 (1962).  Such leave should be denied only in limited circumstances, as for example, where amendment is sought in bad faith, where it would unduly prejudice the opposing party or where the amendment would be futile.  As ground for denial of leave to amend, "futility" means that the petition, as amended, would fail to state claim upon which relief could be granted.

In the instant case, there is no reason to allow an amendment because the claims Petitioner seeks to add were already included in his original habeas petition.  Indeed, Petitioner states that he "seeks leave to amend the Petition for Writ of Habeas Corpus previously filed in this matter, to include his three exhausted claims which were raised in the initial petition; but were un-exhausted at the time of filing the petition."  See Mot. For Leave to Amend (Doc. No. 36).  Moreover, in their original response, Respondents addresses those claims.  See Resp't Answer, at 38-43.  It appears that Petitioner merely seeks to supplement his habeas petition to argue that these claims have been "exhausted" in the state court because they were presented in his second, and most recent, PCRA petition and appeal.  The claims presented in the instant motion will be addressed in the disposition of Petitioner's original, timely habeas petition.  Accordingly, a motion to amend to include these claims is dismissed as moot.

An appropriate order follows.

---

amend has been received subsequent to receipt of the responsive pleading in this matter, I could not grant Petitioner's motion to amend on this basis.