IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BROWN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LOUIS FOLINO, et al. | : | No. 11-3229 |

**MEMORANDUM**

J. WILLIAM DITTER, JR.                                                        September 16, 2014

Presently before me is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by William Brown. Brown, who is currently incarcerated in the Greene State Correctional Institute in Waynesburg, Pennsylvania, challenges his judgment of sentence for third-degree murder, criminal conspiracy, attempted murder, possession of an instrument of crime and aggravated assault. For the reasons that follow, the petition will be denied.

**I.**      **FACTS AND PROCEDURAL HISTORY**:

The state court summarized the relevant facts as follows:

[Brown's] convictions arose from an incident that occurred on December 22, 2004, in front of a residence on South Aldan Street in Philadelphia. [Brown] and an accomplice approached four males sitting on porch steps, drew out firearms, and opened fire on the defenseless victims, who attempted to flee. While one victim did escape unharmed, two others were badly wounded, as was a female bystander. Tragically, the fourth male, a 15-year-old boy, was killed.

Commonwealth v. Brown, No. 369 EDA 2008, at 1-2 (Pa. Super. Jan. 13, 2009).

Brown entered into a negotiated agreement to plead guilty to third-degree murder, criminal conspiracy, attempted murder, possession of an instrument of crime and two

counts of aggravated assault.[1] In exchange, the Commonwealth agreed not to proceed on capital murder charges. On May 25, 2006, Brown was sentenced to an aggregate term of 40 to 80 years of imprisonment.

Brown filed a pro se post-sentence motion seeking modification of his sentence and challenging the validity of his guilty plea. Plea counsel moved to withdraw his appearance. After a hearing, the trial court granted plea counsel's motion to withdraw and appointed new counsel to represent Brown on his post-sentence motion. Brown's motion was denied on November 3, 2006. Brown did not file a direct appeal in the Superior Court.

On May 4, 2007, Brown filed a timely pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Counsel was appointed to represent Brown, and he subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. The PCRA court dismissed Brown's petition on January 9, 2008, and permitted counsel to withdraw.

Brown presented the following claims on appeal to the Pennsylvania Superior Court:

---

[1] There were no negotiations with respect to the length of sentence. (N.T. Guilty Plea, 5/3/06, at 4).

> 1) his right to effective assistance of counsel was violated by post-sentence counsel's failure to file a direct appeal;
>
> 2) his right to effective assistance of counsel and due process was violated by trial counsel's failure to file a pretrial motion to dismiss pursuant to Pa.R.Crim.P. 600; and
>
> 3) his right to effective assistance of counsel was violated by trial counsel coercing him to plead guilty and assuring him that he faced and would receive a sentence of 15 to 30 years.

On January 13, 2009, the Pennsylvania Superior Court affirmed the denial of PCRA relief for Brown's second and third claims, but remanded his case to the lower court for an evidentiary hearing on the issue of whether post-sentence counsel was ineffective for failing to consult with Brown about a direct appeal. Commonwealth v. Brown, No. 369 EDA 2008 (Pa. Super. Jan. 13, 2009).

After holding an evidentiary hearing on November 24, 2009, the PCRA court determined that Brown had "knowingly, intentionally, and voluntarily decided to forego the filing of a direct appeal and to file, instead, for PCRA relief[.]" Commonwealth v. Brown, No. 3575 EDA 2009 (Pa. Super. Oct. 8, 2010) (citing Order, 11/25/09, at 2). The Pennsylvania Superior Court affirmed the denial of PCRA relief on October 8, 2010. Id. The Pennsylvania Supreme Court denied Brown's petition for allowance of appeal on April 26, 2011.

On May 13, 2011, Brown filed this timely petition for a federal writ of habeas

corpus asserting the following claims of ineffective assistance of counsel:[2]

> 1) plea counsel was ineffective for failing to file a pretrial motion to dismiss charges when the Commonwealth failed to bring him to trial in a timely fashion, counsel was ineffective for failing to present speedy trial issues post-sentence, and PCRA counsel was ineffective for failing to allege previous counsel's ineffectiveness on PCRA appeal;
>
> 2) plea counsel induced him to plead guilty based on the assurance that he would be sentenced to 15 to 30 years of imprisonment, post-sentence counsel for was ineffective for failing to raise coercion issue on post-sentence motions and PCRA counsel was ineffective for failure to investigate claim of ineffective assistance of counsel due to coercion;
>
> 3) post-sentence counsel was ineffective for failing to perfect a direct appeal and PCRA counsel was ineffective for failing to properly present issues on PCRA appeal; and
>
> 4) plea counsel was ineffective for failing to investigate and/or properly interview witnesses or officers; spend time with Brown; and investigate potential defenses.

Respondents filed an answer to Brown's habeas petition asserting that Brown is not entitled to federal habeas relief because his claims are procedurally defaulted and/or meritless.

On May 16, 2011, Brown also filed a pro se "Motion to Withdraw Guilty Plea Nunc Pro Tunc" in state court alleging that he was induced to plead guilty due to counsel's failure to interview witnesses, investigate various defenses, and sufficiently communicate with him. Brown's motion was construed as a PCRA petition and

---

[2] The four claims presented here are comprised of twelve layered claims of ineffective assistance of counsel which are presented in Brown's habeas petition and in his memorandum of law. I will address the claims categorically, thus combining the layers of ineffective assistance of plea counsel, post-sentence counsel and PCRA counsel within each discrete issue.

dismissed by the PCRA court as untimely on May 16, 2013. The Pennsylvania Superior Court affirmed the dismissal on March 6, 2014. Commonwealth v. Brown, No. 1610 EDA 2013 (Pa. Super. March 6, 2014). This case is now ripe for federal habeas review.

II.     **DISCUSSION:**

   A.     **Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing § 2254(e)(1)).

   B.     **Claims**

      1.     **Ineffective Assistance of Counsel for Failing to Present Speedy Trial Claim**

Brown argues that plea, post-sentence and PCRA counsel were ineffective for

failing to properly present issues related to speedy trial violations.[3]  Claims of ineffective assistance of counsel generally are evaluated under the standard announced in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.  The two-pronged Strickland test is applicable to petitioners who challenge the effectiveness of counsel after the entry of a guilty plea.  Hill v. Lockhart, 474 U.S. 52, 56-59 (1985).

A court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  In the context of guilty plea challenges based on claims of ineffective assistance, "the [petitioner] must show that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to satisfy Strickland's prejudice requirement.  Hill, 474 U.S. at 59.  Furthermore, "[a] defendant alleging ineffective assistance of counsel in the guilty plea

---

[3] Although the particular terms of Pennsylvania speedy trial rule "are neither directly granted nor required by the Constitution," Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991), Brown's underlying state law claim is properly analyzed pursuant to his federal constitutional claim that counsel rendered ineffective assistance in protecting his speedy trial rights.

context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995).

On PCRA appeal, the Pennsylvania Superior Court denied Brown's claim that trial counsel was ineffective for failing to file a pretrial motion to dismiss based upon a violation of his Rule 600 rights. In support thereof, the Superior Court stated:

> Pursuant to Rule 600, in cases where the defendant is at liberty on bail, the Commonwealth must commence trial within 365 days.[4] Pa.R.Crim.P. 600(A)(3), 42 Pa.C.S.A. [Brown] was arrested on January 7, 2005. Therefore, the mechanical run date by which the Commonwealth had to bring [Brown] to trial was Monday, January 9, 2006.[5] Germane to this case, Rule 600 provides that trial is deemed to commence on the date that the defendant tenders a plea of guilty. Pa.R.Crim.P 600(B), 42 Pa.C.S.A. Also of importance instantly, Rule 600 excludes from the computation of the run date any delay attributable to the unavailability of the defendant or his counsel, and any delay occasioned by a request for a continuance by the defense. Pa.R.Crim.P. 600(C)(3), 42 Pa.C.S.A.
>
> We have reviewed the trial court's notations on the quarter session docket entries. We observe four continuances marked as "Defense request" as well as another delay period described as "Defense nor Commonwealth available." In sum, these delays total 229 days and cause [Brown's] Rule 600 run date to be adjusted to August 26, 2006.[6] [Brown] pleaded guilty on May 3, 2006, well within the adjusted Rule 600 run date. Thus, there is no underlying merit to [Brown's] claimed Rule 600 violation and no

---

[4] The docket indicates that bail was posted on March 9, 2005.

[5] Trial could not have commenced on the 365th or 366th day because January 7, 2006 and January 8, 2006 fell on Saturday and Sunday, respectively. See 1 Pa.C.S.A. § 1908.

[6] Continuance, 4/20/05 to 5/31/05 (41 days); continuance, 5/31/05 to 6/30/05 (30 days); continuance, 6/30/05 to 8/2/05 (33 days); continuance, 8/2/05 to 9/6/05 (35 days); and defense unavailable, 9/21/05 to 12/20/05 (90 days).

ineffectiveness on the part of trial counsel in not filing a motion to dismiss based thereon.

Commonwealth v. Brown, No. 369 EDA 2008, at 4-5 (Pa. Super. Jan. 13, 2009).

I conclude that the state court's disposition of this matter did not result in a decision that was contrary to federal law, or involved an unreasonable application of, clearly established federal law. Here, the state court determined that Brown's Rule 600 claim was meritless. Because a state court's interpretation of state law binds a federal habeas court, Bradshaw v. Richey, 546 U.S. 74, 76 (2005); see also Johnson v. Rosemeyer, 117 F.3d 104, 109 (3d Cir. 1997), the only question before me is whether counsel was ineffective for failing to present this Rule 600 claim. As discussed by the state court, counsel would not have had a sound legal basis for alleging a speedy trial violation; therefore, he cannot be deemed ineffective for failing to do so.

As previously noted, Brown has presented layered claims of ineffective assistance of counsel. He next contends that post-sentence counsel was ineffective for failing to properly pursue his speedy trial claim on post-sentence motions. Brown's claim is denied because his underlying claim is meritless. Thus, he has failed to demonstrate that he would have prevailed if counsel had supplemented his pro se motion with regard to this claim. See, e.g., Smith v. Robbins, 528 U.S. 259, 285 (2000).

Although Brown also argues that PCRA counsel failed to properly present this claim of ineffective assistance of counsel on collateral appeal, I note that the Constitution does not dictate a standard for attorney effectiveness in a post-conviction, collateral

attack. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); 28 U.S.C. § 2254(i). While the Supreme Court has recently held that certain deficiencies in representation on collateral appeal may provide the opportunity for habeas review, these cases do not establish an independent claim for habeas relief based on the ineffective assistance of counsel on collateral appeal. See, e.g., Martinez v. Ryan, _ U.S. _ , 132 S.Ct. 1309, 1315, 1319 (2012) (expressly making an equitable ruling, not a constitutional ruling, in concluding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for prisoner's procedural default of a claim of ineffective assistance at trial"). As a result, I conclude that Brown's claim of ineffective assistance of counsel on collateral appeal is non-cognizable as an independent § 2254 claim. This claim is denied.

### 2. Ineffective Assistance and Voluntariness of Plea

Brown next contends that plea counsel was ineffective for inducing him to plead guilty based upon the promise that he would be sentenced to 15 to 30 years of imprisonment. Generally, to comport with the Fifth Amendment, a defendant's plea of guilty must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238 (1969). The "long standing test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). A guilty plea may be constitutionally infirm if defendant failed to understand the constitutional rights he was waiving by pleading guilty or had an

9

incomplete understanding of the charges lodged against him.  Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976).  In McCarthy v. United States, 394 U.S. 459, 464-667 (1969), the Supreme Court held that the most efficient method of insuring the intelligent, voluntary nature of a guilty plea is through the colloquy between the trial judge, the defendant, and the defendant's attorney.  Such a colloquy should establish that the defendant understood the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offense for which he is charged, and the permissible range of sentences.  Boykin, 395 U.S. at 244 n.7.

A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden.  Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994).  "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations made in open court carry a strong presumption of verity."  Id. (citing Blackledge v. Allison, 431 U.S. 63, 74-74 (1977)).

The governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, but "questions of historical fact, including inferences properly drawn from such facts, are in this context entitled to the presumption of correctness accorded state court factual findings."  Parke v. Raley, 506 U.S. 20, 35 (1992) (citing Marshall v. Lonberger, 459 U.S. 422, 431-32 (1983)).  The presumption applies to findings of fact by the trial and appellate courts of the state, both

explicit and implicit. Id. at 36. A habeas petitioner has the burden of rebutting this presumption of correctness by presenting "clear and convincing" evidence to the contrary. See 28 U.S.C. § 2254(e)(1).

Review of Brown's guilty plea colloquy establishes that Brown understood the nature of the charges against him, the rights that he would forego by pleading guilty, and the permissible range of sentences he could have imposed upon him. See Boykin, 395 U.S. at 244 n.7. Here, however, Brown challenges the voluntary nature of his facially valid guilty plea arguing that his decision to plead guilty was based upon the ineffective assistance of counsel.

In rejecting Brown's claim that he pled guilty based on the promise that he would be sentenced to 15 to 30 years of imprisonment, the Pennsylvania courts concluded that Brown was bound by the statements he made during his guilty plea colloquy. Pertinent portions of Brown's colloquy follow:

> **THE COURT:** Mr. Brown, it's my understanding that this is basically a partially negotiated plea. Part of the negotiation is the Commonwealth will not be seeking to proceed on the charge of first degree murder and will not be proceeding on that charge. And in return you would be entering a plea of guilty to the charge of murder in the third agree [sic], attempted murder, criminal conspiracy, two counts of aggravated assault and possessing an instrument of crime. *And that there have been no negotiations with respect to the sentence that could be imposed in this matter.*
>
> *Is that your understanding of the terms of the partial negotiation, the open plea as it relates to sentencing?*

**DEFENDANT BROWN:** *Yes.*

**THE COURT:** *Has anybody made any promises to you in order to get you to plead guilty in this matter?*

**DEFENDANT BROWN:** *No.*

**THE COURT:** Has anybody threatened you in any way or used any force of any kind in order to get you to plead guilty in this matter?

**DEFENDANT BROWN:** No.

**THE COURT:** Are you making this decision to plead guilty to these charges voluntarily and of your own free will?

**DEFENDANT BROWN:** Yes, of my own free will.

**THE COURT:** Any you're making this decision to plead to these charges voluntarily?

**DEFENDANT BROWN:** Yes.

(Guilty plea hearing, 5/3/06 at 6-8) (emphasis added).

As the state court concluded, Brown "cannot be heard to claim that counsel induced his plea with a promise of lenient sentencing when [Brown] previously asserted otherwise at his plea colloquy." Commonwealth v. Brown, No. 369 EDA 2008, at 7 (Pa. Super. Jan. 13, 2009). Brown has presented no evidence in support of the bare assertion that his attorney promised him a sentence of 15 to 30 years.[7] Thus, he cannot overcome

---

[7] Although Brown refers to affidavits from himself, his mother, and his common law wife which he appended to his state court PCRA petition in support of his coercion claim, see Pet'r Mem. of Law, at 17, he has not provided these affidavits to this court or substantiated his claim in any other way.

12

the clear appearance of voluntariness resulting from his presumptively truthful responses at his plea hearing.  See Pirollo v. United States, 1997 WL 539756, at *3 (E.D. Pa. Aug. 12, 1997) (citations omitted).

In any event, Brown has not satisfied Strickland's prejudice requirement.  Hill, 474 U.S. at 59.  If Brown had chosen to forego the plea agreement, he faced a trial charged with first-degree murder and the attendant possibility of the death penalty or a sentence of life imprisonment.  I conclude that Brown has failed to establish that he would have pleaded not guilty and gone to trial but for counsel's alleged deficient advice.  Parry, 64 F.3d at 118.  Because the state courts' conclusion that Brown did not enter his plea based upon a promise of a specific sentence is not contrary to United States Supreme Court precedent nor an unreasonable determination of the facts, it is presumed correct and should not be overturned.  See 28 U.S.C. § 2254(d).

Although Brown contends that post-sentence counsel was ineffective for failing to properly pursue his involuntary plea claim on post-sentence motions, his claim is denied because his underlying claim is meritless.  Thus, he has failed to demonstrate that he would have prevailed if counsel had supplemented his pro se motion with regard to this claim.  See Robbins, 528 U.S. at 285.

In a similar manner, Brown also argues that PCRA counsel were ineffective for failing to properly present this claim on appeal.  However, in accordance with my previous discussion, Brown's argument that PCRA counsel was ineffective for failing to

properly present this claim is dismissed as non-cognizable. See Finley, 481 U.S. at 555; 28 U.S.C. § 2254(i). Accordingly, this claim is denied.

### 3. Ineffective Assistance of Counsel for Failing to File a Direct Appeal

Brown contends that counsel was ineffective for failing to file a direct appeal and appellate counsel was ineffective for failing to properly present this issue on collateral appeal. In denying this claim, the state court reviewed the PCRA hearing testimony and set forth the following relevant evidence:

> Initially, [Brown] claimed that Ms. McDermott was ineffective for ignoring his alleged request to file a direct appeal. He attached a letter from Ms. McDermott to his PCRA petition, which indicated that he had contemplated filing a direct appeal. However, this letter was only the first in an extensive correspondence that lasted nearly two months. Indeed, at the evidentiary hearing, the PCRA court reviewed all eight letters [Brown] and Ms. McDermott exchanged.
>
> Ms. McDermott initially suggested that if [Brown's] "only allegation is that [his] attorney did something wrong, [he] may want to file a PCRA [petition] and not [a direct] appeal." [Brown] then confirmed twice that he wished to proceed with a PCRA petition rather than a direct appeal. In a letter dated October 16, 2006, [Brown] "specifically said that he thought it would be more effective" to proceed with a PCRA petition instead of a direct appeal, and in a letter dated October 23rd, [Brown] stated the following: "My answer to your question as to me filing a PCRA petition is yes. I would like to file a PCRA petition instead of a direct appeal."
>
> The record supports the PCRA court's finding that Ms. McDermott consulted with [Brown] and correctly advised him of his legal options. The record further indicates that in light of Ms. McDermott's advice, [Brown] informed her that he wanted to proceed under the PCRA and not with a direct appeal. According, the PCRA court properly found that [Brown] "knowingly, intelligently and voluntarily decided to forego the filing of a direct appeal and file, instead, for PCRA relief, and that this consultation by

  Ms. McDermott with [Brown] comported with the duty imposed on counsel . . ."

Commonwealth v. Brown, No. 3575 EDA 2009, at 6-7 (Pa. Super. Oct. 8, 2010) (citations omitted).

  I conclude that the state courts' disposition of this matter did not result in a decision that was contrary to federal law, or involved an unreasonable application of, clearly established federal law. As an initial matter, I note that the state courts' determination that defense counsel's testimony was credible is a factual finding entitled to a presumption of correctness absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); see Sumner v. Mata, 449 U.S. 539, 545-47 (1981) (a factual determination made by state courts, whether the court be a trial court or an appellate court, is entitled to a presumption of correctness). A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. See § 2254(d)(2); Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The state court held a full evidentiary hearing on this issue and determined that defense counsel had testified truthfully at the PCRA hearing that Brown agreed to forego the filing of a direct appeal in favor of filing a PCRA petition. (N.T. 11/24/09, at 33-35). This conclusion is reasonable. Moreover, Brown has failed to present any evidence to refute this conclusion. As a result, counsel cannot be deemed ineffective for failing to file a direct appeal. In addition, Brown's claim that PCRA counsel was ineffective for

failing to properly present this claim on collateral appeal is non-cognizable. See Finley, 481 U.S. at 555; 28 U.S.C. § 2254(i). Accordingly, this claim is denied.

### 4. Ineffective Assistance of Counsel for Failure to Investigate

Brown alleges that he was induced to plead guilty due to counsel's failure to interview witnesses, investigate various defenses, and sufficiently communicate with him. He also argues that appellate counsel was ineffective for failing to properly present this issue on appeal. Although Brown presented this argument to the state court in his second PCRA petition, the claim was not reviewed on the merits by the Pennsylvania courts because Brown's second PCRA petition was deemed time-barred.

A federal court, absent unusual circumstances, should not entertain a petition for writ of habeas corpus unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. "The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); see also Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000) (quoting Caswell v. Ryan, 953 F.2d 853, 856 (3d Cir. 1992)). A petitioner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process. Villot v. Varner, 373 F.3d 327, 337 (3d Cir. 2004); see also Evans v. Court of Common Pleas, Del. Co., Pa., 959 F.2d 1227, 1231 (3d Cir. 1992) ("the same method of legal analysis must be available to the state court as will be employed by the federal court"). The habeas corpus

petitioner has the burden of proving exhaustion of all available state remedies. Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C.A. § 2254).

In legal terms, Brown is considered to have procedurally defaulted this claim of ineffective assistance of counsel because state procedural rules bar him from seeking further relief in state courts. Keller v. Larkins, 251 F.3d 408, 415 (3d Cir. 2001). The principal exception to this general rule precluding federal review of habeas claims that have been procedurally defaulted is for petitioners who can show "cause and prejudice" for the procedural default or that a "miscarriage of justice" will occur absent review. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004); Cristin v. Brennan, 281 F.3d 404, 414 (3d Cir. 2002). The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Werts, 228 F.3d at 192-193 (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). With regard to the prejudice requirement, the habeas petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Id. at 193 (citing Carrier, 477 U.S. at 494). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. Id.

In the alternative, if the petitioner fails to demonstrate cause and prejudice for the default, the federal court may also consider a defaulted claim if the petitioner can

demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (citing Carrier, 477 U.S. at 496). To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 327.

To the extent that Brown argues that PCRA counsel was ineffective for failing to properly present this claim on collateral appeal, I note that the Supreme Court has stated that cause for a default may be established when initial review PCRA counsel is deemed ineffective under Strickland, supra. Martinez, 132 S.Ct. at 1318. Brown must also show, however, that the defaulted ineffective assistance of plea counsel claim has some merit. Id. I conclude that Brown has failed to provide any evidence in support of his claim that counsel's pretrial preparation was inadequate. Indeed, Brown merely makes the conclusory assertion that his counsel failed to properly interview, investigate and communicate with him without providing any details on counsel's alleged deficiencies. Such claims do not provide a sufficient basis for constitutional relief. See, e.g., Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient ground for habeas relief, a petitioner

must set forth facts to support his contention of a federal constitutional violation).  As a result, Brown has not shown cause to excuse his procedural default.[8]  Carrier, 477 U.S. at 488.  Moreover, because Brown makes no colorable showing of innocence, he has failed to demonstrate that a miscarriage of justice will result if his claims are not reviewed.  Coleman, 501 U.S. at 748; Schlup, 513 U.S. at 327 (citing Carrier, 477 U.S. at 496).  Consequently, federal habeas review of this claim is foreclosed.

### III.   CONCLUSION:

After close and objective review of the arguments and evidence, I conclude that Brown's petition for writ of habeas corpus is meritless.  Accordingly, Brown's petition will be denied.

Similarly, because Brown's claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing, as it would not change the outcome of this matter.  See 28 U.S.C. § 2254(e)(2); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted).

An appropriate order follows.

---

[8] Because no cause has been demonstrated, the court need not address the prejudice requirement.  Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982) (because petitioner lacked cause for default, the court need not consider whether he also suffered actual prejudice).